IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 APR -4 A 9:

CLERK
SO. DIST OF GA

FRANKLIN L. WILLIAMS,

Petitioner,

CIVIL ACTION NO.: CV513-027

vs.

CASE NO.: CR506-14

UNITED STATES OF AMERICA,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Franklin Williams ("Williams"), who is currently incarcerated at the Federal Correctional Institution in Bastrop, Texas, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.[1] For the reasons which follow, Williams' Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Williams was convicted in this Court, after a jury trial, of one count of distribution of more than five grams of cocaine base and one count of distribution of more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The Honorable William T. Moore, Jr., sentenced Williams to 292 months' imprisonment on each count, to run concurrently with each other and with Williams' revoked state parole term. Williams

---

[1] "The judge who receives the [section 2255] motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b), Rules Governing Section 2255 Proceedings. It is clear that Williams is not entitled to his requested relief.

filed an appeal. The Eleventh Circuit Court of Appeals affirmed Williams' convictions and sentences. United States v. Williams, 262 F. App'x 165 (11th Cir. 2008). Williams' sentence was later reduced to 235 months' imprisonment. (CR506-14, Doc. No. 76).

In this motion, Williams asserts that he received ineffective assistance of counsel because counsel withheld documents from him and because Williams was sentenced to a statutory minimum. Williams also asserts that he is entitled to a retroactive reduction of his sentence based on "new law". (Doc. No. 1, p. 4).[2] According to Williams, his sentence range should be between 100 to 135 months' imprisonment.

Williams has filed no less than sixteen (16) prior motions pursuant to § 2255. Williams has asserted on these previous occasions either the same claims as he does in this cause of action or some variation of those claims. (See, e.g., CV512-79).

## DISCUSSION AND CITATION TO AUTHORITY

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

---

[2] To the extent Williams asserts that he is entitled to a further reduction of his sentence pursuant to amendments to the United States Sentencing Guidelines ("U.S.S.G."), his assertion must fail. Williams already filed several 18 U.S.C. § 3582 motions based on U.S.S.G. § 1B1.10, and Judge Moore has denied these motions. (CR506-14, Doc. Nos. 413, 439). In addition, Williams currently has several section 3582 motions and other motions seeking sentence reduction pending in his criminal case. (CR506-14, Doc. Nos. 490, 525, 590, 653). Additionally, Freeman v. United States, ___ U.S. ___, 131 S. Ct. 2685 (June 23, 2011), which Williams cites, is inapplicable. In Freeman, the United States Supreme Court determined that a defendant who entered a plea agreement may be eligible for a sentence reduction under section 3582(c)(2). ___ U.S. at ___, 131 S. Ct. at 2694. Williams was found guilty by a jury.

2

convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). Without authorization from the court of appeals, a district court lacks jurisdiction to consider a movant's second or successive motion. Farris, 333 F.3d at 1216 (citing Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997)).

Williams did not receive prior authorization from the Eleventh Circuit Court of Appeals which would permit this Court to exercise jurisdiction over this section 2255 motion. However, even if the Eleventh Circuit authorized his motion, it does not appear that Williams would be entitled to his requested relief. Williams has not set forth any assertions which fall within § 2255(h)'s requirements. Williams is not entitled to his requested relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Williams' Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 4th day of April, 2013.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE